# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1199V
UNPUBLISHED

JENNIFER NAEGEL,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: January 5, 2021

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Tetanus
Diphtheria acellular Pertussis (Tdap)
Vaccine; Shoulder Injury Related to
Vaccine Administration (SIRVA)

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Zoe Wade, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On August 14, 2019, Jennifer Naegel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving influenza ("flu") and Tetanus Diphtheria acellular Pertussis ("Tdap") vaccines on February 20, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 3, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On January 5, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,790.87. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,790.87 (representing compensation in the amount of $55,000.00 in pain and suffering and $790.87 in unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____

JENNIFER NAEGEL,

           Petitioner,

        v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

           Respondent.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 19-1199V
Chief Special Master Corcoran
ECF

## PROFFER ON AWARD OF COMPENSATION

On December 2, 2020, respondent filed a Vaccine Rule 4(c) report concluding that

petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury

Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to

vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Accordingly, on

December 3, 2020, the Chief Special Master issued a Ruling on Entitlement.

## I.  Compensation for Vaccine Injury-Related Items

Respondent now proffers that, based on the evidence of record, petitioner should be

awarded $55,790.87 (representing $55,000.00 in pain and suffering and $790.87 in

unreimbursable expenses). This amount represents all elements of compensation to which

petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.  Form of the Award

The parties recommend that compensation provided to petitioner should be made through

a lump sum payment described below, and request that the Chief Special Master's decision and

the Court's judgment award the following: [1] a lump sum of $55,790.87 in the form of a check payable to petitioner.  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

/s/ Zoë R. Wade
ZOË R. WADE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-4118
Fax: (202) 353-2988

Dated: January 5, 2021

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.